UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE ROSSMAN,<br><br>           Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>           Defendant. | Case No. 1:13-cv-00467-BAM<br><br>ORDER AFFIRMING AGENCY'S DENIAL OF BENEFITS AND ORDERING JUDGMENT FOR COMMISSIONER |

## I.   INTRODUCTION

Plaintiff Debbie Rossman ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act.[1]  The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Barbara A. McAuliffe. The Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, the Court affirms the Commissioner's determination.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

1

## II. BACKGROUND

**A. Overview of Administrative Proceedings**

On April 19, 2010, Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act alleging she became disabled on March 5, 2010. AR 138-39.[2] Ms. Rossman alleged disability as a result of osteoarthritis of the spine, restless leg syndrome, and swollen disc in the back. AR 159. Plaintiff's application was denied initially and on reconsideration. AR 67-70, 73-77. Subsequently, Plaintiff requested a hearing before an ALJ. AR 29-61. In a decision dated December 15, 2011, the ALJ found that Plaintiff was not disabled because Plaintiff retained the residual functional capacity to perform her past relevant work. AR 15-24. The ALJ alternatively found that Plaintiff could perform work that exists in significant numbers in the economy. AR 23-24. The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request for review on January 30, 2012. AR 3-7. Plaintiff then commenced this action pursuant to 42 U.S.C. § 405(g).

**B. Plaintiff's Background and Testimony**

Plaintiff was born in 1950 and was 61 years old at the time of her hearing before the ALJ. AR 34. Prior to the alleged disability, Plaintiff worked as a cashier and change person at a casino and as a custodian at public schools. AR 36-38. Plaintiff testified that her most significant impairment is the pain in her back and legs. AR 38. Plaintiff also related that she stopped work because she could not walk. AR 36. Plaintiff received physical therapy treatment after her initial back injury occurred at work in 2005. AR 40. She admitted that the physical therapy helped her pain, yet she received no further treatment. *Id.* When the ALJ asked why she had not attempted physical therapy since the initial injury, Plaintiff replied that she did not know. *Id.* Plaintiff stated that her pain is more intense in the morning. AR 47. She also related that she walks two miles on

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

2

the treadmill in the morning. AR 41. Plaintiff testified that she spends over half of her day in bed to get relief from her pain. AR 44.

**C.  Medical Record**

Plaintiff received treatment at Porterville Valley Medical from February 2007 to July 2011. AR 219-48, 261, 286-90. Her treatment at Porterville Valley Medical consisted primarily of pain medication. *Id.* In October 2008, an MRI of her lumbar spine revealed a mild disc bulge and diffuse lumbar degenerative disease with no significant spinal stenosis. AR 254-55. A nerve conduction study in September 2009 showed involvement of the left and right sural nerves (implicating a sensory neuropathic disorder) but otherwise normal nerve function. AR 291. A bone density study in November 2009 revealed normal mineralization, osteopenia, and increased lumbar mineralization and decreased hip mineralization. AR 253.

In September 2010, Dr. Dale Van Kirk examined Plaintiff and found that she was in no acute distress, sat comfortably, got up out of the chair, walked around the examination room, and got on and off the table without difficulty. AR 256-59. Dr. Van Kirk diagnosed chronic lumbosacral musculoligamentous strain/sprain associated with degenerative disc disease. *Id.* He opined that Plaintiff could lift and carry 50 pounds occasionally and 25 pounds frequently, sit, stand, and walk for six hours in an 8-hour day, occasionally bend, stoop, crouch, climb, kneel, balance, crawl, push, or pull, and should avoid work in a cold and/or damp environment. *Id.*

In October 2010, State agency physician, Richard Betcher, M.D., reviewed Plaintiff's medical record and opined that she could lift and carry 50 pounds occasionally and 25 pounds frequently, sit, stand, and walk for six hours in an 8-hour day, occasionally climb ladders, ropes, and scaffolds, and frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, and should avoid concentrated exposure to extreme cold. AR 262-69.

In July 2011, Dr. Dwight James conducted a physical examination of Plaintiff and reported normal lumbar spine alignment, normal lumbar lordosis, and lumbar spine palpation with normal

3

spinous processes. AR 289. Nonetheless, Dr. James opined that Plaintiff was functionally limited to less than sedentary work, and could lift and carry less than ten pounds, stand and walk for less than two hours a day, sit for six hours in an 8-hour workday, frequently balance, never climb, stoop, kneel, crouch, and crawl, and should be restricted in working around heights and moving machinery. AR 283-84.

**D.     The ALJ's Decision**

On December 15, 2011, the ALJ issued a decision finding that Plaintiff had not been under a disability, as defined in the Social Security Act, since March 5, 2010. AR 24. After considering each step in the sequential evaluation, the ALJ made the following findings:

1.     The claimant meets the insured status requirements of the Social Security Act through September 30, 2015;

2.     The claimant has not engaged in substantial gainful activity since March 5, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*);

3.     The claimant has the following severe impairment: degenerative disc disease of the lumbar spine with bilateral radiculopathy (20 CFR 404.1520(c));

4.     The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526);

5.     The claimant has the residual functional capacity to lift and carry 50 pounds occasionally and 25 pounds frequently; sit, stand, and walk 6 hours in an 8-hour day; and can occasionally bend, stoop, crouch, climb, kneel, balance, crawl, push, and/or pull (20 CFR 404.1567(c));

6.     The claimant is capable of performing past relevant work as a cashier II, as generally and actually performed. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565);

4

7. The claimant has not been under a disability, as defined in the Social Security Act, from March 5, 2010, through the date of this decision (20 CFR 404.1520(f)).

### III.   DISCUSSION

On March 29, 2013, Plaintiff filed a complaint before this Court seeking review of the ALJ's decision. On appeal, Plaintiff contends that the ALJ failed to provide legally sufficient reasons to reject her testimony.

**A.   Standard of Review**

To be disabled, a claimant must have a severe medical impairment capable of lasting at least twelve months, such that in light of his medical and vocational limitations he cannot engage in either his past work or in any work existing in significant numbers in the national economy. 42 U.S.C. § 1382c(a)(3). The claimant will be found disabled if he either satisfies all the elements of this definition or has a medical condition which is defined as disabling under the Commissioner's "listings." *See* 20 C.F.R. 404.1520. The Commissioner prescribes the order in which the ALJ considers these factors, and instructs the ALJ to end his inquiry as soon as he reaches a dispositive finding, either in that the claimant fails to satisfy an element of disability or in that he satisfies a listing. This sequential process is intended to help ensure that determinations are uniform, administratively efficient, neutral, and carefully documented. 20 C.F.R. 404.1594(b)(5); *see Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999) (sequential process embodies "presumptions about disabilities, job availability, and their interrelation" which "grow out of the need to administer a large benefits system efficiently").

Congress has provided a limited scope of judicial review of the Commissioner's finding that a claimant is not disabled. This Court must uphold the decision if the ALJ applied the proper legal standards and made findings supported by substantial evidence. *See Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 510 (9th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

5

*Perales*, 402 U.S. 389, 401 (1971).  It is "more than a mere scintilla," *id.,* but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975).  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's decision.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the Court may not substitute its judgment.  *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir.1996).

**B.     Legal Standard**

In evaluating the credibility of a claimant's testimony regarding subjective complaints, an ALJ must engage in a two-step analysis.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged.  *Id.*  The claimant is not required to show that her impairment "could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  *Id.*  If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives "specific, clear and convincing reasons" for the rejection.  *Id.*  As the Ninth Circuit has explained:

> The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing.

*Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citations and internal quotation marks omitted); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226-27 (9th Cir. 2009); 20 C.F.R. §§ 404.1529, 416.929.  Other factors the ALJ may consider include a claimant's work record

and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

**C.     Analysis**

In this case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms. AR 22. Therefore, absent affirmative evidence of malingering, the ALJ's reasons for rejecting Plaintiff's testimony must be clear and convincing. As discussed further below, the Court finds that the ALJ gave clear and convincing reasons supported by the record to discount Plaintiff's credibility.

The ALJ properly considered Plaintiff's conservative medical treatment as evidence weighing against Plaintiff's subjective complaints. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."). The ALJ noted that, in recent years, Plaintiff's treatment entailed only regular intake of Vicodin pain medication. AR 22. The ALJ listed several possible treatments that may have alleviated Plaintiff's alleged chronic pain that Plaintiff has declined to attempt. *Id.* Most conspicuous among Plaintiff's options remained the possibility of attending further physical therapy, which she admitted brought her relief before, yet she failed to explore this option and could not explain why. AR 22, 40. Plaintiff's choice not to seek relief except through pain medication, despite viable options, supports the ALJ's finding that Plaintiff's subjective complaints are less than fully credible.

The ALJ also found that the many inconsistencies in the record regarding Plaintiff's allegations of pain discounted Plaintiff's credibility. Inconsistent statements are matters appropriately considered in evaluating a claimant's subjective complaints. In rejecting testimony concerning subjective symptoms, permissible grounds include a reputation for dishonesty, conflicts or inconsistencies between the claimant's testimony and his conduct or work record, internal contradictions in the testimony, and testimony from physicians and third parties concerning the

7

nature, severity, and effect of the symptoms of which the claimant complains. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). Here, Plaintiff mentioned that she stopped work because she could not walk and further testified that her pain is greatest in the morning. AR 38, 41. Yet Plaintiff also related that she frequently walks two miles in the morning. AR 41. The ALJ appropriately saw inherent inconsistency in these facts. AR 22. This inconsistency reappeared in a Pain Questionnaire form filled out by Plaintiff wherein she alleged she could only walk short distances yet also reported walking two miles in the morning. *Id.* Such inconsistencies furnished additional clear and convincing reasons for rejecting the Plaintiff's subjective complaints.

Finally, the ALJ found that the objective medical evidence in the record did not support Plaintiff's subjective complaints. Although the inconsistency of objective findings with subjective claims may not be the sole reason for rejecting subjective complaints of pain, *Light*, 119 F.3d at 792, it is one factor which may be considered with others. *Moisa* 367 F.3d at 885; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). In her decision, the ALJ noted that, despite the alleged severity, no doctor has recommended surgery to stop the pain. AR 22. The ALJ also pointed out that Dr. Dwight James' opinion—the only medical opinion consistent with Plaintiff's complaint of chronic pain and disability—contained internal inconsistencies and therefore, the ALJ gave it little weight. AR 21. Conversely, the ALJ's findings mirrored the opinions of two other medical examiners. *Id.*

In sum, the ALJ cited clear and convincing reasons for rejecting Plaintiff's subjective complaints regarding the intensity, duration, and limiting effects of her symptoms. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196-97 (9th Cir. 2004) (claimant's contradictory testimony unsupported by objective medical evidence constituted substantial evidence in support of ALJ's negative credibility determination). Moreover, the ALJ's reasons were properly supported by

the record and sufficiently specific to allow this Court to conclude that the ALJ rejected Plaintiff's testimony on permissible grounds and did not arbitrarily discredit Plaintiff's testimony.

### IV. CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security and against Plaintiff, Debbie Rossman.

IT IS SO ORDERED.

Dated: **July 29, 2014**       /s/ *Barbara A. McAuliffe*
                               UNITED STATES MAGISTRATE JUDGE